[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11551
Non-Argument Calendar
_____

D.C. Docket No. 9:00-cv-08552-KLR

ASSOCIATION FOR DISABLED
AMERICANS, INC., et al.,

                                                    Plaintiffs,

JORGE LUIS RODRIGUEZ,
WILLIAM NICHOLAS CHAROUHIS,

                                                    Plaintiffs - Appellants,


                                    v.

PEBB ENTERPRISES SHOPS OF DELRAY
LTD.
DINETTE SHOWCASE, INC.,
d.b.a. Shoppes of Delray and Dinnette Lady,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2014)

Before MARTIN, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

William Nicholas Charouhis, Esq., plaintiffs' counsel in the underlying Americans with Disabilities Act (ADA) suit, appeals the district court's order imposing sanctions against him. Appellee Pebb Enterprises Shops of Delray Ltd. (Pebb) has filed a separate motion in this court for sanctions. After thorough review, we affirm the district court's sanctions order and impose further sanctions for Charouhis's conduct in this appeal.

I.

In 2000, Charouhis represented Jorge Luis Rodriguez in a suit against Dinette Showcase, Inc. (Dinette), and Pebb, contending there were several ADA violations at a shopping center Pebb owned in Delray Beach, Florida. Charouhis properly served Dinette, but never served Pebb. The district court issued a January 2001 order to show cause as to why the claim against Pebb should not be dismissed. When Charouhis failed to respond or serve Pebb, the district court dismissed the complaint as to Pebb.

About a year later, on April 26, 2002, the ADA plaintiffs and Dinette entered into a settlement agreement and submitted to the court a Joint Notice of Settlement and Request for Dismissal. The district court accordingly dismissed the remainder of the case on May 6 but retained jurisdiction to enforce the Dinette

2

settlement agreement.  On May 24, Pebb entered into a separate agreement with the plaintiffs, agreeing to remedy certain ADA violations on Pebb's property.  The agreement was not filed with the district court because Pebb was no longer a party to the litigation.

On August 30, 2011, Charouhis contacted Pebb's counsel of record claiming Pebb had failed to comply with its agreement and threatening to file suit to enforce it.  Pebb's counsel responded to Charouhis, and the two ultimately agreed to meet at some unspecified date in the future to address the problems Charouhis identified.  Thereafter, however, communication between the parties ceased.  Instead of continuing negotiations, Charouhis filed a Motion for Court Enforcement of Stipulation for Settlement and Request for Evidentiary Hearing.  In the motion, Charouhis represented falsely that Pebb was a party to the Dinette settlement that resulted in the court's May 6, 2002, entry of dismissal in which it retained jurisdiction to enforce the settlement agreement.  When Pebb failed to respond (because it had never been served in the matter), the court issued an order to show cause why the motion should not be granted by default.  Pebb's counsel never received either Charouhis's motion or the show-cause order.

After the district court entered its order to show cause, Charouhis filed a sworn declaration in which he again represented that Pebb was a party to the underlying ADA case.  Hearing nothing from Pebb, the court entered a default

3

judgment on January 10, 2012, consisting of $178,080.62 in damages, attorneys' fees, and costs. Thereafter, Charouhis obtained a writ of garnishment and a freeze on Pebb's operating account.

Pebb's counsel, stating he first learned of the proceedings when Pebb discovered its bank account was frozen, contacted Charouhis and explained that he never received the new filings. Pebb's counsel demanded that Charouhis voluntarily move to vacate the judgment and writ of garnishment, but Charouhis refused. As a result, Pebb filed a motion to vacate the judgment and garnishment, along with a motion for sanctions. The district court granted the motion to vacate. After permitting Charouhis time to respond and conducting a hearing on the motion for sanctions (that was twice rescheduled at Charouhis's request), the court granted the motion. Charouhis appeals.

## II.

On appeal, Charouhis contends the district court failed to make the requisite bad-faith finding before imposing sanctions under its inherent authority. We review a district court's imposition of sanctions pursuant to its inherent powers for an abuse of discretion. *Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254, 1258 (11th Cir. 2012). "This means that unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard, we will not disturb its decision." *Id.*

4

"Invocation of a court's inherent power requires a finding of bad faith." *In re Moz*, 65 F.3d 1567, 1575 (11th Cir. 1995). Here, although the court could have been more detailed in its analysis, the transcript of the sanctions hearing shows it made a finding of bad faith "based upon a whole history of wrongdoing in this court and in the Middle District" of Florida. Throughout the hearing, the court explained that Charouhis either lied to the court or recklessly failed to investigate facts he asserted or that were essential to the legal positions he took. And, when Pebb filed a motion for sanctions, Charouhis repeatedly delayed a hearing on the matter. Pebb's counsel also pointed out – and the court acknowledged – that Charouhis has a documented history of misconduct in Florida federal courts. Together, these findings support the district court's imposition of sanctions against Charouhis. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (stating that sanctions are appropriate "when a party shows bad faith by delaying or disrupting" proceedings and noting that the "power [to punish] reaches both conduct before the court and that beyond the court's confines," including "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of the" proceedings before a particular court).[1]

III.

---

[1] Charouhis also contends Judge Ryskamp must recuse himself from any further proceedings on remand. Because there is no need for remand, however, we do not address this argument.

5

After Charouhis filed his brief in this appeal, Pebb filed a motion for sanctions against Charouhis and his law firm, William Nicholas Charouhis & Associates, P.A.  We agree with Pebb that Charouhis's brief is rife with deliberate misrepresentations of the facts.  Although we generally afford parties significant latitude in crafting appellate briefs, we cannot countenance such intentional, misleading statements.  Accordingly, Pebb's motion for sanctions pursuant to Federal Rule of Appellate Procedure 38 and Eleventh Circuit Rule 27-4 is GRANTED.  Pebb is ordered to submit an accounting of costs incurred, including attorneys' fees, in pursuing this appeal within 21 days of the date of this order.  Thereafter, Charouhis will have 10 days from the date of Pebb's submission to contest the reasonableness of the amounts Pebb seeks.  The court will then issue an award of single costs and fees to Pebb by separate order.

**AFFIRMED WITH DIRECTIONS.**